**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| **JOAQUIN ALEJANDRO MESA PINEDA,** | **Case No. 26–cv–08150–ESK** |
| **Petitioner,** | |
| v. | **OPINION AND ORDER** |
| **LUIS SOTO, *et al.*,** | |
| **Respondents.** | |

**THIS MATTER** is before the Court on petitioner Joaquin Alejandro Mesa Pineda's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).   (ECF No. 1.)

1.    Petitioner is a citizen of Colombia.   (ECF No. 1 ¶ 20.)   He entered the United States on a tourist visa in 2021.   (*Id.*)

2.    The Department of Homeland Security (Department) arrested petitioner on July 2, 2026 and detained him in Delaney Hall Detention Facility. (*Id.* ¶ 22.)

3.    Respondents filed an answer on July 8, 2026 stating that petitioner was being detained pursuant to 8 U.S.C. § 1226(a).   (ECF No. 5 p. 1.)   A bond hearing is scheduled for July 17, 2026.   (ECF No. 6 p. 1.)

4.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

5.    "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."   *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026).

6.    Here, there is no dispute that petitioner is being detained pursuant to § 1226(a) and has an upcoming bond hearing.   (ECF No. 5 p. 1; ECF No. 7 p. 1.)   Instead, petitioner argues that respondents have not sufficiently

distinguished this case from *Ayala Amaya v. Bondi*, No. 25–cv–16428, 2025 WL 3033880 (D.N.J. Oct. 30, 2025) and that a bond hearing will not "cure what has already occurred."  (ECF No. 7 p. 5.)

7.    "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).   Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'"  *Zheng*, 826 F. Supp. 3d at 554 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).   "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well."  *Id.*

8.    Respondents have distinguished petitioner's case from *Ayala Amaya*. There, respondents had argued that the noncitizen was being detained pursuant to 8 U.S.C. § 1225(b)(2) and that he was not entitled to a bond hearing. *Ayala Amaya*, 2025 WL 3033880, at *2–3.   Here, respondents concede that petitioner is detained pursuant to § 1226 and is entitled to a bond hearing. (ECF No. 5 p. 1.)

9.    "Immigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court."  *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

10.    It would not be futile to require exhaustion.   Courts in the Third Circuit have excused exhaustion in cases in which the United States argues § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeals's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).   *See, e.g., Zheng*, 826 F. Supp. 3d at 553 ("Petitioner was not required to exhaust any administrative remedies before pursuing relief in this Court because … such efforts would be futile."); *Vimos v. Fed. Det. Ctr. Philadelphia*, No. 26–cv–00780, 2026 WL 381173, at *4 (E.D. Pa. Feb. 11, 2026).   That is not the case for petitioner.   He unquestionably has the right to have a bond hearing pursuant to § 1226(a), and one is scheduled.

Accordingly,

**IT IS** on this   **13th** day of **July 2026**   **ORDERED** that:

1.    Petitioner's   § 2241   Petition   is   **DISMISSED WITHOUT PREJUDICE**.

2

2.   Any restrictions imposed on petitioner's location are **LIFTED**.

3.   The Clerk shall **CLOSE** this case.


         */s/ Edward S. Kiel*
        **EDWARD S. KIEL**
        **UNITED STATES DISTRICT JUDGE**